**FILED**

Dec 06 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/ soniad _____ DEPUTY

1  Anton Ewing (NOT AN ATTORNEY)
   3077 B Clairemont Drive #372
2  San Diego, CA 92117

3

4  Plaintiff In *Pro Per*

5

6

7        **THE UNITED STATES FEDERAL DISTRICT COURT**

8          **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  Anton Ewing,                              )   Civil Case No.   **'19CV2328 MMAKSC**

              Plaintiff,                      )

11                                            )

                                              )   1.  NEGLIGENT VIOLATIONS OF
12      vs.                                   )       THE TELEPHONE
                                              )       CONSUMER PROTECTION
13                                            )       ACT [47 U.S.C §227 (b)]
    Hurricane Tax, LLC, a California          )   2.  WILLFUL VIOLATIONS OF
14                                            )       THE TELEPHONE
    Limited Liability Company,                )       CONSUMER PROTECTION
15                                            )       ACT [47 U.S.C. §227(b)]
    Deepak Sadashiv Parwatikar, an           )   3.  NEGLIGENT VIOLATIONS OF
16                                            )       THE TELEPHONE
    individual,                               )       CONSUMER PROTECTION
17                                            )       ACT [47 U.S.C. §227 (c)]
              Defendants.                     )   4.  WILLFUL VIOLATIONS OF
18                                            )       THE TELEPHONE
                                              )       CONSUMER PROTECTION
19                                            )       ACT [47 U.S.C. §227(c)]
                                              )   5.  VIOLATION OF CALIFORNIA
20                                            )       INVASION OF PRIVANCY
                                              )       ACT [PC §632.7]
21                                            )
                                              )
22                                            )
                                              )
23                                            )
                                              )   **JURY TRIAL REQUESTED**
24                                            )

25  _____ )

PLAINTIFF'S INITIAL COMPLAINT- 1

19cv

Plaintiff Anton Ewing ("Plaintiff"), an individual, alleges the following upon information and belief based upon personal knowledge:

## I.  NATURE OF THE CASE

1.     Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Hurricane Tax, LLC, a California limited liability company ("Hurricane Tax") and its owner, officer, member and Manager, Deepak Sadashiv Parwatikar ("Parwatikar"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.  Further, Defendants each violated California's Invasion of Privacy Act (CIPA) by illegally recording the telemarketing calls they made to Plaintiff without disclosing that such call was being recorded by Defendants, all in violation of PC §637.2 and PC §632.7.  This case involves more than one call in violation of the TCPA and CIPA.

2.     Throughout the below listed paragraphs in this lawsuit, where the word "Defendants" is used and employed, it shall be and is intended to include Defendant Deepak Sadashiv Parwatikar and Defendant Hurricane Tax, LLC.

3.     On December 4, 2018, just over a year ago, Hurricane Tax called Plaintiff and on the same day Plaintiff sent Defendant an email instruction them to never call him ever again.  Then, on December 5, 2019, Defendant called again, twice.

19cv

Once from 619-308-6237 and then from 213-205-6496.

4.      David in Florida claiming his company name is DNZ said that he got the lead from one of two lead sources which was an online submission.  He said that Philip had already researched in and sent over the IP address to Hurricane Tax.

5.      Hurricane Tax has the IP address of the fake and fraudulent lead source because Philip at 619-308-6237 sent it to them.

6.      There was a very distinct bubble popping sound at the beginning of the calls, just like the ones used by Defendant Parwatikar mention in the consent judgment against him by the Attorney General of New Mexico in 17-cv-00251-JB-KRS.

7.      The number of calls that Plaintiff has received on his -9640 phone is over 10 calls.  Hurricane Tax is one of the leading telemarketing scofflaws in the county. Plaintiff knows this from suing dozens of telemarketers every year for the past five years.  This is the worst case of TCPA scofflaws that Plaintiff has ever seen.

8.      Hurricane Tax advertises on its web page at https://www.hurricanetax.com which is able to be viewed in California.

## II. JURISDICTION & VENUE

9.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief from the United States Federal District Court, Southern District of California.  For each TCPA subsection (b and c), Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which,

when all calls are added up, exceeds the threshold required for federal court jurisdiction.

10.     The Court has ancillary jurisdiction, in its discretion, over the attendant state law claims, including but not limited to California's Penal Code §637.2, *et seq.* and Civil Code §1770(a)(22)(A).

11.     This Court also has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

12.     This Court has personal jurisdiction over Defendants Hurricane Tax, LLC and Parwatikar because a substantial part of the wrongful acts alleged in this Complaint were committed in California.  For example, Hurricane Tax, LLC and Parwatikar made illegal telemarketing robocalls to Mr. Ewing, with area code 619, while he was in California.   Hurricane Tax, LLC and Parwatikar have also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation.    See 47 USC §501.

13.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) and because Defendants do business within the State of California and Plaintiff resides within the County of San Diego.

14.     Defendants have purposefully directed their activities into California and have thus enjoyed the benefits and protections of California law.

19cv

## III.  PARTIES

15.     Plaintiff, Anton Ewing. ("Plaintiff"), is an individual and resident in California.

16.     Defendant Hurricane Tax, LLC is a vociferous robo-dialing telemarketer, and is a "person" as defined by 47 U.S.C. § 153 (39).

17.     The above named Defendant Hurricane Tax, LLC, and its subsidiaries and agents, as well as Parwatikar, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

18.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.  Defendants controlled every aspect of its agent's operations including the scripts to be read on

19cv

each call and the fact that Defendant required its agent to record each

telemarketing call.  Hurricane Tax is and was, at all times relevant to this action, a

knowingly and intentionally authorized and controlled agent of Parwatikar.

## VI.  FACTUAL ALLEGATIONS

19.     On or about December 4, 2018, Defendants contacted Plaintiff on Plaintiff's

telephone number ending in -9640, in an attempt to solicit Plaintiff to purchase

Defendant's back braces and knee braces.  Defendants used a prerecorded voice

message and an ATDS to initial the call.   The robot required Plaintiff to push "1"

to get to a live human.  This violates California Civil Code §1770(a)(22)(A).

There was also a very distinct bubble popping sound at the beginning of the call

that indicates an ATDS was used to initiate and dial Plaintiff's cell telephone

number that is itself registered on www.donotcall.gov since 2012.

20.     Defendant Hurricane Tax, LLC, is a limited liability company formed in

California on September 7, 2016 as Secretary of State ID number 201625810307.

21.     Defendant Hurricane Tax, LLC used a "Vicidial" ATDS system to robodial

Plaintiff on Plaintiff's cell phone to sell Plaintiff  a medical device.  Parwatikar

purchased, setup and activated the Vicidial system.

22.     Defendants are being sued for violating 47 USC §227(b)(1)(A), 47 USC

19cv

§227(c)(5), California Civil Code[1] §1770(a)(22)(A) and PC §§632.7 and 637.2.

23.     Defendant Hurricane Tax, LLC is located at 695 South Vermont Avenue, Suite 1100-B, Los Angeles, CA 90005.

24.     Federal Rule of Civil Procedure 8(b)(2) requires a denial in the Answer by either Defendant to this Complaint to be fairly responded to and not merely a blanket denial without explanation.

25.     Deepak Sadashiv Parwatikar is an officer of Defendant Hurricane Tax, LLC and is an attorney that has been previously suspended by the State Bar for a full year for dishonesty in case number 01-0-03261.

26.     Deepak Sadashiv Parwatikar is an owner of Defendant Hurricane Tax, LLC

27.     Deepak Sadashiv Parwatikar called Plaintiff from a blocked phone line and spoke to Anton Ewing through his hired employee agent.  Anton Ewing owns, answers and controls phone number ending in -9640.

28.     Hurricane Tax, LLC does not have a California license to engage in the sale of tax services.

29.     Defendant has failed to obtain a bond as required of all telemarketing

---

[1] Disseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message.

19cv

organizations in California.

30.    Hurricane Tax, LLC is illegally doing business in California.

31.    Hurricane Tax, LLC has failed to register as a telemarketer in California with the California Department of Justice.

32.    Defendant has failed to obtain a telemarketers bond in California as required by the California Department of Justice.

33.    Hurricane Tax, LLC exerts agency type control over their third party telemarketing lead source.

34.    Hurricane Tax, LLC requires its lead source to ask certain questions of the prospective clients before the lead source can transfer the call to Hurricane Tax, LLC employees.

35.    Hurricane Tax, LLC began harassing Plaintiff on or about December 4, 2018 at which time Plaintiff expressly told Defendants to stop calling and to send a written copy of its Do Not Call policy.   Then Defendants called again and again. None of the Defendants has sent a written copy of their do not call policy.

36.    Calling Plaintiff's cell phone in California prior to 8:00 AM is a violation of the FTC and FCC regulations and therefore a violation of 47 USC §227(c)(5).

37.    Plaintiff believes and thereupon alleges that Hurricane Tax, LLC has been the ultimate cause of Plaintiff's phone ringing off the hook for the past year with telemarketing calls from back brace providers.  Parwatikar is the "El Chappo" of

19cv

telemarketing.  Finally, after years of filing these TCPA cases, Plaintiff has found the ultimate bad guy, a complete scofflaw.  Parwatikar and his operation are solely responsible for millions of telemarketing robo-calls to California citizens.

38.     Defendant Hurricane Tax, LLC also called Plaintiff from a blocked number on December 5, 2019 at or around 1:30 PM.  Plaintiff did not consent to, nor give permission for, the subsequent calls made by Defendants to Plaintiff.

39.     Often telemarketers higher controlled third parties to do their initial illegal calling in violation of the TCPA.  The initial lead source always plays coy and will not divulge who they are or who they are working for.  That in and of itself is a violation of the FCC's Telemarketing Sales Rule and actionable under 47 USC §227(c)(5).  The only way that Plaintiff can find out who the TCPA violator is, is to fain interest and "play along" on the call as the telemarketer reads the script and illegally records the responses so they can sell the lead to Defendant Hurricane Tax, LLC

40.     Further, consent must be in writing and signed by the person called. Plaintiff did not sign any consent to be called.

41.     The Honorable District Judge Chad F. Kenney stated on May 1, 2019 in case number 18-cv-02071, *Shelton vs. Fast Advance Funding, LLC*: "Well, the only way this, this act is going to get any teeth in it at all is through a serial litigant."

42.     Judge Kenney was referring to the TCPA when he made this above

19cv

statement on the record.

43.   Defendant directly called Plaintiff on his DNC registered phone in violation of the TCPA.

44.   The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant Hurricane Tax, LLC

45.   Hurricane Tax, LLC has been illegally calling Mr. Ewing, without his consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS.  Mr. Ewing brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage Hurricane Tax, LLC and Parwatikar, to change their ways.  To be clear, Plaintiff is suing Hurricane Tax, LLC and Parwatikar for the directly dialed calls as well as the lead source live transfer calls.

46.   Parwatikar is the agent of Hurricane Tax, LLC and controlled the acts and actions of Hurricane Tax as his alter ego.  Parwatikar is conspiring with Hurricane Tax to violate the TCPA and telemarketing thousands of California citizens and residents.

47.   Defendants used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.

48.   Defendants both contacted or attempted to contact Plaintiff from telephone

19cv

numbers confirmed to be Defendant's number.  After the robot initiated the call, it was transferred to "Leah" who ask personal questions and illegally recorded the call.  Leah also sent Plaintiff a text solicitation message without permission of consent from 213-214-2912.

49.    Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

50.    During all relevant times, Defendants both did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an automatic telephone dialing system or an artificial or prerecorded voice on its cellular telephone pursuant to 47 U.S.C.§227(b)(1)(A).  At no time did Plaintiff provide, give or grant express written permission to be called nor to be robo-dialed by Defendants or its agents.

51.    Further, Plaintiff's cellular telephone number ending in -9640 was added to the National Do-Not-Call Registry on or about February 16, 2012.

52.    Defendants placed multiple calls soliciting its business to Plaintiff on his telephone ending in -9640.

53.    Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

54.    Plaintiff received numerous solicitation calls from Defendants within a 12-month period.

19cv

55.    Defendants continued to call Plaintiff on its telephone number -2016 in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

56.    Upon information and belief, and based on Plaintiff's experiences of being called by all defendants after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. §227(c)(5).

57.    Plaintiff was harmed by the acts of all defendants in at least the following ways: Defendants illegally contacted Plaintiff via his telephone for solicitation purposes, thereby invading the privacy of said Plaintiff whose telephone number was on the National Do-Not-Call Registry. Plaintiff was damaged thereby.

58.    Plaintiff is suing as a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants.

59.    Defendants illegally recorded each telemarketing call that it made to Plaintiff in violation of California Penal Codes §632.7 and §637.2.  Defendants owe Plaintiff $5,000 for each and every illegally recorded call.

19cv

60.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

61.     The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

62.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

63.     47 USC §501 provides that it shall be unlawful to violate 47 USC §227(b).

64.     The term ATDS[2] as used and mentioned herein is as defined by the TCPA and by the 9th Circuit Court of Appeals in the recent Marks vs. *Crunch San Diego, LLC* case.  D.C. No 14-cv-00348 BAS BLM.

## V. STANDING

65.     The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally

---

[2] "we conclude that the statutory definition of ATDS includes a device that stores telephone numbers to be called, whether or not those numbers have been generated by a random or sequential number generator."

19cv

construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming

standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded

that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same

and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627

F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42

(7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010);

*Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following

*Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint

liberally").

66.    Standing is proper under Article III of the Constitution of the United States

of America because Plaintiff's claims state:

67.    A valid injury in fact;

68.    which is traceable to the conduct of Defendants;

69.    and is likely to be redressed by a favorable judicial decision.  See, *Spokeo,*

*Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504

U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*,

Plaintiffs must clearly allege facts demonstrating all three prongs above.

**The "Injury in Fact" Prong**

70.    Plaintiff's injury in fact, must be both "concrete" and "particularized" in

order to satisfy the requirements of Article III of the Constitution, as laid out in

*Spokeo (*Id.). For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists. In the present case, Plaintiff was called on his phone at least five times by all Defendants. In fact, Plaintiff expressly informed all Defendants to cease and desist from all future telemarketing on the very first call. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Each Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry"). As well, Plaintiff had no prior business relationship with Defendant prior to receiving the seriously harassing and annoying calls by Hurricane Tax, LLC. All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14. In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls. It was Plaintiff's personal privacy and peace that was invaded by both Defendant's persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with either Defendant and Plaintiff's attempt to avoid the damage by registering his number on the DNC Registry.

**The "Traceable to the Conduct of Defendant" Prong**

71.    The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendants.  In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone and home phone (land line) were placed either by Defendants directly, or by Defendant's agent at the express direction and control of all defendants.   See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

**The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong**

72.    The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by all defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution

19cv

have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue all defendants on the stated claims.

73.     "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite distinct from particularization. *Id*. An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id*. In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*. However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id*. at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at

19cv

1549.  In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id.*

74.     Here, Plaintiff alleges that Defendant Hurricane Tax, LLC contacted him using a "telephone dialing system."  This is insufficient standing alone, but as in *Charkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, one of the calls is available to the Court as audio recordings of the robotic voice message that initiated the calls. Second, the calls are solicitation advertisements:  they advertise Defendant Hurricane Tax, LLC's services for which Plaintiff has absolutely not use or interest. Third, Plaintiff declares that he has never heard of Defendant Hurricane Tax, LLC, visited any location operated by said Defendant prior to the harassing and annoying calls, nor provided his cellular telephone number to Defendant Hurricane Tax, LLC or consented to receive calls from Defendants.  Plaintiff also has had no prior business relationship with Defendants. Plaintiff had no reason to be in contact with Defendant Hurricane Tax, LLC nor has he ever purchased any kind of product or service that they are selling. Plaintiff's allegations are sufficient to establish that Defendants used ATDS in sending their prerecorded solicitation messages illegally and in direct violation of the TCPA.

75.     In Plaintiff's case, the allegations establish that he did not give prior express consent.  He declared that he was "the regular user and subscriber to the cellular

telephone number at issue." He also declared that he has "never heard of [Defendant], visited any location operated by [Defendant], provided [his] cellular telephone number to [Defendant] or consented to receive text messages from [Defendant]." As in *Charkchyan*, these allegations are sufficient to support Plaintiff's claims that he did not give prior express consent authorizing Defendants to send the prerecorded messages, nor to use an ATDS.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

76.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-75.

77.     The foregoing acts and omissions of all defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

78.     As a result of both Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(B).

79.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

80.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-75.

81.     The foregoing acts and omissions of all defendants, jointly and severally, constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

82.     As a result of all Defendant's knowing and/or willful violations of 47 U.S.C. §227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b) )(3)(C).

83.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

84.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-75.

85.     The foregoing acts and omissions of all defendants, jointly and severally, constitute numerous and multiple negligent violations of the TCPA, including but

19cv

1  not limited to each and every one of the above cited provisions of 47 U.S.C. §

2  227(c), and in particular 47 U.S.C. § 227 (c)(5).

3  86.    As a result of all Defendant's negligent violations of 47 U.S.C. § 227(c),

4
5  Plaintiff is entitled an award of $500.00 in statutory damages, for each and every

6  violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

7  87.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct

8  in the future.

9
10  ## FOURTH CAUSE OF ACTION

11  **Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

12  **47 U.S.C. §227 et seq.**

13  88.    Plaintiff repeats and incorporates by reference into this cause of action the

14  allegations set forth above at Paragraphs 1-75.

15  89.    The foregoing acts and omissions of all defendants constitute numerous and

16
17  multiple knowing and/or willful violations of the TCPA, including but not limited

18  to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in

19  particular 47 U.S.C. § 227 (c)(5).

20
21  90.    As a result of all Defendant's knowing and/or willful violations of 47 U.S.C.

22  § 227(c), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for

23  each and every violation, pursuant to 47 U.S.C. §227(c)(5).

24
25  91.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct

19cv

in the future.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §6372

92.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-75.

93.    The foregoing acts and omission of all defendants constitute numerous and multiple knowing and/or willful violations of CIPA, including but not limited to each and every one of the above cited provisions of California Penal Code §632, §632.7 and §637.2

94.    As a result of all Defendant's knowing and willful violation of CIPA sections PC §632 et seq, including PC §632.7, Defendants both owe Plaintiff $5,000 per call.

95.    Plaintiff is also entitled to injunctive relief as expressly provided for within CIPA to prohibit all defendants from illegally recording calls to Plaintiff ever again.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against all defendants for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

19cv

### 47 U.S.C. §227(b)

- As a result of all Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of all Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

- As a result of all Defendant's negligent violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).
- Any and all other relief that the Court deems just and proper.

### FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of all Defendant's willful and/or knowing violations of 47 U.S.C.

§227(c)(5), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).

- Any and all other relief that the Court deems just and proper.

## FIFTH CAUSE OF ACTION

### California Invasion of Privacy Act

### PC §632.7 and PC §6372

- As a result of all Defendant's wrongful acts, $5,000 per call for each such call that was recorded without consent or disclose of such recording at the beginning of the calls that Defendants made to Plaintiff.
- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 6th day of December, 2019.

/S/ Anton Ewing
Anton Ewing, Plaintiff