UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>HURRICANE TAX GROUP, LLC, et al.,<br><br>                              Defendants. | Case No.: 3:19-cv-2328 JLS (KSC)<br><br>**ORDER STRIKING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** |

On December 6, 2019, Plaintiff Anton Ewing sued Hurricane Tax, LLC and Deepak Parwatikar (collectively, "Defendants") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 277 *et seq.*, and California's Invasion of Privacy Act, Cal. Penal Code § 632 *et seq*. *See* Doc. No. 1 at 19-22. As previously detailed by the Court, the course of the litigation has required frequent admonitions from the Court to the parties and their counsel to conduct themselves with civility and professionalism. *See* Doc. No. 25 at 1-2. The Court recently ordered Mr. Ewing and Defendants' counsel to read and abide by this District's Civil Local Rules 2.1 (*Professionalism*) and 83.9 (*Correspondence and Communications with Chambers*) as well as the meet-and-confer requirements of Civil

///

Local Rule 26.1 and the undersigned's Chambers Rules. *See id.* at 2.[1]  At the same time, the Court scheduled a Settlement Conference and stayed all discovery pending the outcome of these settlement discussions "with the parties' agreement." *Id.*

On May 26, 2020, the parties reached an agreement to settle the litigation. *See* Doc. No. 29.  Thereafter, the parties were to file a joint motion for dismissal. *Id.*  Instead, on May 27, 2020, Mr. Ewing filed a Request for Judicial Notice.  Doc. No. 30.  Mr. Ewing requests the Court take notice of records of proceedings before the State Bar of California involving Mr. Parwatikar or his counsel; draft discovery responses Mr. Ewing received from Defendants' counsel in this matter; and a Memorandum Opinion and Order from a matter pending in the District of New Mexico in which Mr. Parwatikar and his counsel were parties. *Id.* at 6-130.  None of these materials were requested by the Court. *See Optinrealbig.com, LLC v. Ironport Systems, Inc.*, 323 F. Supp. 2d 1037, 1039 (N.D. Cal. 2004) (observing, where party submitted supplemental briefing after oral argument, that "[s]uch uninvited submissions are inappropriate and violate the notions of fairness that underlie the judicial process").

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of facts that "[are] generally known within [its] territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1) and (2).  The Court questions whether some of the material submitted by Mr. Ewing falls within the scope of this Rule.  Even assuming these documents (and the facts related therein) are properly the subject of judicial notice, Mr. Ewing did not identify (nor can the Court discern) any pending matter to which they are relevant. *See Kuzmenko*

---

[1] In an unrelated case, the Chief Judge of this District ordered Mr. Ewing "to be courteous and civil in all communications with opposing counsel, parties, and third parties and to refrain from disparaging their intelligence, ethics, or behavior," including "making accusations for improper purposes (such as to harass, delay, or embarrass) …" *See Anton Ewing v. Oasis Media, LLC*, Case No. 3:18-cv-01455-LAB-MSB, Doc. No. 82 at 2 (May 30, 2019).

*v. Lynch*, 606 F. App'x 399 (9th Cir. 2015) (finding that "judicial notice is inappropriate where the facts to be noticed are not relevant to the disposition of the issues before the court") (citing *Ruiz v. City of Santa Maria*, 160 F. 3d 543, 548 n. 13 (9th Cir. 1998)); *see also Jose v. Select Portfolio Servicing, LLC*, 2016 WL 4581394 at *3 (S.D. Cal. Aug. 8, 2016) (denying request for judicial notice where information was "irrelevant to the matters before the Court"); *accord U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that court "may take notice of proceedings in other courts, both within and without the federal judicial system, ***if those proceedings have a direct relation to matters at issue***") (emphasis added). Instead, the Request for Judicial Notice appears to have been filed solely to embarrass or harass Defendants and their counsel, in violation of this Court's prior order.  *See* Doc. No. 25.

This Court has the "inherent power to control [its] docket," including the authority "to strike items from the docket as a sanction for litigation conduct" or to address procedural improprieties.  *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).  *See also Rainone v. Paz,* 2019 WL 8014257 at *3 (C.D. Cal. Aug. 27, 2019) (recognizing the court's inherent power includes the "discretion to strike an improperly filed document to control the 'orderly and expeditious disposition of cases'") (citing *Dietz v. Bouldin*, ___ U.S. ___, 136 S. Ct. 1885, 1891 (2016)); *Picozzi v. Clark Cty. Detention Ctr.*, 2018 WL 3866399 at *1 (D. Nev. Aug. 13, 2018) (removing records from the docket where party gave "no explanation" for their filing); *Castaneda v. CDCR*, 2018 WL 3436890 at *2 (S.D. Cal. July 17, 2018) (noting that a court may strike items from its docket *sua sponte* in the exercise of its inherent powers).  "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate attorney conduct." *Adobe Sys. Inc. v. Christenson*, 891 F. Supp. 2d 1194, 1201 (D. Nev. 2012).

Therefore, in the exercise of its inherent powers, and finding Mr. Ewing's unsolicited filing is irrelevant to any pending matter and serves an improper purpose, the Court hereby **STRIKES** the Request for Judicial Notice.  The Clerk of the Court is

1  instructed to remove Document No. 30, including all related exhibits, from the Court's
2  docket.
3      **IT IS SO ORDERED.**
4  Dated:  June 3, 2020

                                  Hon. Karen S. Crawford
                                  United States Magistrate Judge