UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                  Plaintiff,<br><br>v.<br><br>HURRICANE TAX, LLC, a California limited liability company; DEEPAK SADASHIV PARWATIKAR, an individual,<br><br>                  Defendants. | Case No.: 19-CV-2328 JLS (KSC)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE CRAWFORD'S ORDER**<br><br>(ECF No. 33) |

      Presently before the Court is Plaintiff Anton Ewing's Objections to Magistrate Judge Crawford's June 3, 2020 Order Striking Plaintiff's Request for Judicial Notice. ("Objections," ECF No. 33). Having considered Plaintiff's arguments and the law, the Court **OVERRULES** Plaintiff's Objections.

      District courts "must consider timely objections" to a magistrate's ruling and "set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Grimes v. City and Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). A ruling is clearly erroneous only if the reviewing court, on the entire record, reaches "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Carl Zeiss Vision Int'l GmbH v. Signet Armorlite, Inc.*, No.

1

07-CV-894 DMS (DHB), 2010 U.S. Dist. LEXIS 12392 at *4 (S.D. Cal. Feb. 12, 2010). In contrast, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g.*, *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 719 (S.D. Cal. 1996).

Plaintiff filed a Request for Judicial Notice ("RJN") on May 21, 2020. ECF No. 30. The RJN was docketed on May 27, 2020. *See id.* Plaintiff requested "the Court take notice of records of proceedings before the State Bar of California involving Mr. Parwatikar or his counsel; draft discovery responses Mr. Ewing received from Defendants' counsel in this matter; and a Memorandum Opinion and Order from a matter pending in the District of New Mexico in which Mr. Parwatikar and his counsel were parties." ECF No. 31. Judge Crawford found the RJN to be irrelevant to any pending matter and served only to embarrass and harass Defendants and their counsel. *Id.*

Plaintiff raises two objections to Judge Crawford's Order. First, Plaintiff contends that Judge Crawford mistakenly stated that Plaintiff filed the RJN on May 27, 2020, rather than on May 21, 2020. Objections at 2. The Court acknowledges that Plaintiff did, in fact, file his request on May 21, 2020. This is not a sufficient reason, however, to overrule Judge Crawford's ultimate conclusions. Judge Crawford's reasons for striking Plaintiff's RJN were not based solely on the date they were filed. Instead, Judge Crawford found the Plaintiff's requests were irrelevant and filed for an improper purpose. ECF No. 31 at 2–3. The Court finds these conclusions are not clearly erroneous or contrary to law.

Second, Plaintiff contends that he intended the RJN to be ruled on by the District Court Judge, not the Magistrate Judge. Objections at 2. Magistrate judges have the authority to rule on non-dispositive pretrial motions. 28 U.S.C. § 636(b); *see also Flam v. Flam*, 788 F.3d 1043, 1045–46 (9th Cir. 2015). The Court found it appropriate to refer Plaintiff's RJN, a non-dispositive motion, to Judge Crawford. And Plaintiff has now exercised his right to object to that ruling. *See* Fed. R. Civ. P. 72(a). Plaintiff's wish that the District Judge rule on the RJN in the first instance is not a sufficient reason to overturn Judge Crawford's well-reasoned Order.

Accordingly, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Order.

**IT IS SO ORDERED.**

Dated: June 17, 2020

Hon. Janis L. Sammartino
United States District Judge